IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY JAMES WILLIAMS, JR., § | | |
| #30717-177, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-3355-N (BK) |
| § | | 3:11-CV-3357-N (BK) |
| UNITED STATES OF AMERICA, § | | (3:03-CR-0139-N) |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, these cases were referred for findings, conclusions, and recommendations. Petitioner, a federal prisoner, filed a *pro se Motion to Vacate, Set Aside, or Correct Sentence* under 28 U.S.C. § 2255, and a *Motion for Relief with Memorandum of Law and Writ of Error Coram Nobis* under 28 U.S.C. § 1651(a). The Clerk of the Court opened separate cases, one for the section 2255 motion, and a second one for the *coram nobis* petition. For the reasons that follow, it is recommended that the section 2255 motion and the coram nobis petition be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, and the Court sentenced him to 180 months imprisonment, followed by a four-year term of supervised release. *United States v. Williams*, 3:03-CR-0139-N-01 (N.D. Tex., 2003). The United States Court of Appeals for the Fifth Circuit affirmed the conviction, and the United States Supreme Court denied a petition for writ of certiorari. *United States v. Williams*, No. 03-11144 (5th Cir. Sept. 10, 2004) (unpublished *per curiam*). In November 2011, Petitioner filed a

petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Williams v. United States*, No. 3:11-CV-3174-N-BH (N.D. Tex.). Because he sought to challenge his underlying criminal conviction, the Court liberally construed the petition to seek relief under section 2255, which it denied as time barred. *Id.* (Doc. 4, 8-9) (December 2011 order accepting the magistrate judge's findings and recommendation). Insofar as Petitioner sought *coram nobis* relief, the Court denied his request because he was still in custody, thus, the *coram nobis* remedy was unavailable. *Id.*

In the instant section 2255 motion and *coram nobis* petition, Petitioner again seeks to challenge his underlying criminal conviction and sentence. He asserts involuntariness of the guilty plea, ineffective assistance of counsel, and actual innocence of the enhanced sentence. The Court did not direct Respondent to file a response.

## II. DISCUSSION

Because the Court re-characterized Petitioner's previous section 2241 petition as a section 2255 motion without advising him of the consequences of the re-characterization or giving him an opportunity to withdraw the petition, his current section 2255 motion cannot be subjected to the restrictions on "second or successive" motions. *See Castro v. United States*, 540 U.S. 375, 383 (2003). However, as the District Court previously ruled, section 2255 relief is barred by the one-year statute of limitations, and *coram nobis* relief is unavailable because Petitioner is still in custody as a result of his federal conviction. *See Williams*, No. 3:11-CV-3174-N-BH (N.D. Tex. Nov. 21, 2011) (Doc. 4 at 3-6), *magistate judge's findings and recommendation accepted* (Dec. 9, 2011) (Doc. 8-9). Therefore, Petitioner's section 2255 motion and *coram nobis* petition should be summarily dismissed.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255, be **DISMISSED** with prejudice as barred by the one-year statute of limitations, *see* 28 U.S.C. § 2255(f); Rule 4 of the Rules Governing Section 2255 Proceedings, and that the *coram nobis* petition, under 28 U.S.C. § 1651(a), be **DISMISSED** for lack of subject matter jurisdiction.

SIGNED December 15, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE